IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KATHRYN REITZ and <br> BOBBIE McDONALD <br><br> Plaintiffs, <br><br> VERSUS <br><br> CITY OF MT. JULIET <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 3:08-cv-00728 <br> ) <br> ) JUDGE TRAUGER <br> ) <br> ) |

## AMENDED ANSWER TO COMPLAINT

Comes the Defendant, the City of Mt. Juliet, by and through its attorney and for response to the Complaint filed in this cause would state and show the Court as follows:

## AFFIRMATIVE DEFENSES

### I.

1. This case should be dismissed based on misjoinder of the parties. The Plaintiff, Kathryn Reitz, was an employee of the City of Mt. Juliet. She was terminated for reasons wholly unrelated to the claim of Co-Plaintiff Bobbie McDonald. She is no longer employed by the City of Mt. Juliet. Any claim which she may have is totally separate and distinct from any claim of Co-Plaintiff Bobbie McDonald who remained employed by the City of Mt. Juliet.

Bobbie McDonald's employment with the City of Mt. Juliet recently ended. Her employment situation is entirely different from that of Kathryn Reitz. Bobbie McDonald was a Building Codes Inspector. She primarily worked in the field. Any cause of action which she may have is entirely separate, independent, and in no way related to any conceivable cause of action that Kathryn Reitz may have.

2. The Defendant asserts that these two individuals had two entirely separate employments and two entirely separate work areas and job descriptions. The factual allegations obtain in the Plaintiffs' Complaint are also separate and do not overlap. All of the allegations related to Kathy Reitz are in paragraphs 5 through 9, and all allegations related to Bobbie McDonald are contained in paragraphs 11 through 17.

3. In addition to the foregoing, the employment responsibilities and duties were entirely separate. For example, Bobbie McDonald was in the field inspecting buildings requiring contractors to be in compliance with various codes. Kathy Reitz was a clerk working in the office. Kathy Reitz's employment was terminated for inappropriate conduct. Bobbie McDonald continued to be employed until her employment ended because she was medically unable to perform the essential functions of her job. These claims are distinctly separate. There are separate instances with separate witnesses and separate documents that will be necessary with respect to each case. Accordingly, this Defendant asks the Court to dismiss this case for misjoinder and/or in the alternative, sever it for pretrial discovery and for trial.

4. The City of Mt. Juliet pleads limitations on damages in accordance with Title VII. Specifically, it is averred that the City of Mt. Juliet had slightly in excess of

one hundred employees and the maximum amount of damages would be $100,000.00 for each Plaintiff.  However, it is denied that either Plaintiff is entitled to any damages.

5. It is further averred that the City of Mt. Juliet had a valid enforceable sexual harassment policy that neither Kathy Reitz nor Bobbie McDonald appropriately followed, which bars their claim in this cause.

6. It is further averred that one or more instances of alleged conduct may be barred by the applicable statute of limitations.  The Defendant reserves the right to assert specific statute of limitations based upon specific conduct after further investigation and discovery.

7. This Defendant asserts that any allegations of misconduct in the Complaint, or otherwise, not specifically asserted in the EEOC Complaint filed by Bobbie McDonald and the separate EEOC Complaint filed by Kathy Reitz are barred because said respective claimants did not exhaust their administrative remedies.

8. This Defendant further reserves the right to assert the "after acquired evidence rule" with respect to legitimizing the termination of Kathy Reitz pending further investigation and discovery.

9. This Defendant further avers that the termination of Kathy Reitz was appropriate, unrelated to any alleged sexual harassment/discrimination allegations and said legitimate termination for cause bars any claim which she may have based upon the Complaint filed.

10. The Complaint of Bobbie McDonald fails to state a claim for which relief may be granted. Specifically, there has been no adverse employment action with respect to Bobbie McDonald.

11. The Defendant reserves the right to establish that Kathryn Reitz failed to mitigate any damages, in the event that she establishes a claim for which relief may be granted.

12. Without limiting the foregoing, the Defendant avers that any claim arising from or premised upon the termination of Bobbie McDonald's employment is barred by her failure to exhaust her administrative remedies.

13. The Defendant further avers that the termination of Bobbie McDonald was appropriate, unrelated to any alleged sexual harassment/discrimination/retaliation allegations and said legitimate termination bars any claim which she may have based upon the Complaint filed or her employment with the Defendant.

14. The Defendant asserts the "after acquired evidence rule" with respect to legitimizing the termination of Bobbie McDonald.

15. The Defendant reserves the right to establish that Bobbie McDonald failed to mitigate any damages, in the event that she establishes a claim for which relief may be granted.

16. The Defendant specifically asserts the statute of limitations concerning Kathy Reitz for any alleged conduct that occurred more than 300 days prior to December 17, 2007, the day Kathy Reitz filed her first EEOC charge, and any alleged conduct prior to February 20, 2007, is time barred.

17. Without in any way limiting the foregoing, the Defendant further specifically pleads that the statute of limitations bars any complaint based on the following: an e-mail Kathy Reitz received from Amy Rooker on November 6, 2006; any complaint concerning the treatment of a former employee, Lori Mofield, or comments concerning Mofield whose employment ended on or about November 28, 2006; her starting salary; location of her workplace in an area where spiders were allegedly present; any allegation of retaliation for speaking to the Mayor about spiders; any allegation concerning birthday or holiday pay; any allegation concerning Christmas gifts exchanged by employees in December 2006; and any complaints concerning an alleged assault of a co-employee in January 2007.

18. The Defendant specifically asserts the statute of limitations concerning Bobbie McDonald for any alleged conduct that occurred more than 300 days prior to December 17, 2007, the day Bobbie McDonald filed her first EEOC charge, and any alleged conduct prior to February 20, 2007 is time barred.

19. Without in any way limiting the foregoing, the Defendant further specifically pleads that the statute of limitations bars any complaint based on the following: any allegations concerning an alleged assault in January 2007 or any conduct allegedly leading to the alleged assault, as well as the City's response thereto; or any comments or disparaging or offensive statements before February 20, 2007.

20. The Defendant asserts the Doctrine of Spoliation of Evidence and requests an inference be imposed against the Plaintiff for the spoliation of evidence within their control.

Now, responding numerically to the Complaint, this Defendant would state and show the Court as follows:

1. Upon information and belief the allegations in paragraph number 1 are admitted.

2. Admitted.

3 & 4. It is admitted that jurisdiction and venue are proper in this Court, with the exception of the misjoinder as heretofore stated.

5. It is admitted that Kathryn Reitz was employed as a Clerk at the City of Mt. Juliet and at one time she served on the Planning Commission.

6. Denied.

7. It is admitted that Kathryn Reitz filed a Complaint with the EEOC. It is denied that said Complaint was meritorious. All other allegations of paragraph number 7 are denied.

8. The allegations of paragraph number 8 are denied.

9. Denied.

10. This Defendant restates responses to paragraphs 1 through 4.

11. Admitted.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Any and all other allegations by either Plaintiff are denied and strict proof of same is demanded.

20. The City of Mt. Juliet demands a jury to try all issues joined in this cause.

Respectfully submitted,

MOORE, RADER, CLIFT
AND FITZPATRICK, P.C.


By s/Daniel H. Rader, IV B.P.R. No.025998
    DANIEL H. RADER, IV
    Attorneys for Defendant,
    City of Mt. Juliet
    P. O. Box 3347
    Cookeville, TN  38502
    (931-526-3311)
    B.P.R. No. 025998

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically on June 15, 2009. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Mr. James L. Harris
2400 Crestmoor Road
Nashville, TN 37215

Dated this the 15th day of June, 2009.

By s/Daniel H. Rader, IV B.P.R. No.025998
DANIEL H. RADER, IV
Attorneys for Defendant,
City of Mt. Juliet
P. O. Box 3347
Cookeville, TN 38502
(931-526-3311)
B.P.R. No. 025998