IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHRYN REITZ and BOBBIE MCDONALD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:08-cv-0728 ) Judge Trauger |
| CITY OF MT. JULIET, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM

Pending before the Court is defendant City of Mt. Juliet's Motion to Compel (Docket No. 27) and Motion for Sanctions (Docket No. 34), plaintiff Kathryn Reitz's response (Docket No. 80), and the defendant's reply (Docket No. 85).[1] For the reasons discussed below, the Motion to Compel will be granted and the Motion for Sanctions will be denied.

## BACKGROUND

Reitz worked for the City of Mt. Juliet (the "City") as a water clerk until April 25, 2008, when her employment was terminated.[2] Reitz alleges that she was fired in retaliation for her complaints of sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, 42

---

[1] Plaintiff Bobbie McDonald's claims were previously dismissed (Docket No. 79), so Reitz is the only remaining plaintiff in the case. Accordingly, the term "plaintiff" will refer to Reitz.

[2] Unless otherwise noted, the facts are drawn from the parties' submissions and the court's own review of the docket.

1

U.S.C. § 2000e *et seq.* Reitz seeks back pay and other damages.

The instant dispute centers on the plaintiff's discovery responses. The defendant served Reitz with interrogatories on February 23, 2009. Interrogatory No. 6 stated:

> 6. Describe plaintiff's employment history to the present (including self-employment) by listing (1) plaintiff's present employment or occupation; and (2) all prior employment or occupations. Identify the name and address of the employer, the inclusive dates during which plaintiff was employed, plaintiff's title and job duties, compensation (i.e., salary, hours, commission, etc.) number of hours worked per week, and the reasons that such employment or work terminated (if applicable).

(Docket No. 28 at 2.) Reitz responded by attaching a resume that listed no jobs subsequent to her April 2008 firing.

At her deposition, however, Reitz testified that she worked as a paralegal for approximately two months at the end of 2008. Reitz identified the employer as Veterans Legal, a business that provided legal services to veterans. She testified that it was located in downtown Nashville, but she could not remember the address; instead, she suggested that the defendant "Google 'Veterans Legal.'" (Docket No. 36 at 6 n.1.) Nor could Reitz remember the name of her supervisor. Reitz testified that she voluntarily quit because the business was engaged in unethical activity, but she later stated that the business terminated her employment. She also testified that the owner had threatened to sue her. Reitz agreed at her deposition that she had intentionally omitted the Veterans Legal job from her interrogatory response.

On June 18, 2009, Reitz's lawyer filed a motion to withdraw (Docket No. 26), which the court granted. (Docket No. 32.) Several days later, on June 22, 2009, the defendant filed a motion to compel a further response to Interrogatory No. 6, seeking concrete information about

2

Reitz's employment subsequent to April 2008. In support of the motion, the defendant stated that the discovery deadline was July 15 and that the parties had previously agreed to depose Reitz's subsequent employer on July 7. On July 13, 2009, the plaintiff filed a pro se letter to the court stating that she was looking for replacement counsel and that she wanted to confer with a lawyer before answering questions about her job at Veterans Legal. (Docket No. 33.) On July 15, 2009, the defendant filed a Motion to Establish Mitigation Defense and Conclusively Establish Facts ("Motion for Sanctions"), requesting that the court sanction Reitz for her incomplete interrogatory response by limiting her ability to recover back pay.

On July 17, 2009, Reitz, who was still without counsel, filed another pro se letter with the court (Docket No. 41), a copy of which she sent via certified mail to the defendant's counsel. (Docket No. 41, Ex. 1.) The letter listed the address and phone number of Veterans Legal, as well as the name of her supervisor at that job. Reitz stated that her former lawyer was fully aware of her employment at Veterans Legal and had advised her how to answer the interrogatories. In the letter, Reitz alleged that Veterans Legal trained her "how to trace signatures on lamps and lighted windows, of veterans, attorneys and finally doctors on legal veterans documents." (Docket No. 41 at 1.) When she questioned the legality of these practices, she was allegedly fired. She also claimed that Veterans Legal "had several employees who were recovering drug addicts, one of whom was shooting up heroin in the work bathrooms, who had access to these veterans' and their spouses or surviving family's bank accounts." (*Id.*) She said that on the advice of her former lawyer, she reported this to "Veterans Fraud," which referred her to Sen. Bob Corker's office. Reitz wrote that Veterans Legal "threatened legal action if [she]

3

told anyone" about her allegations. (*Id.*) Reitz claimed that she was concerned with protecting herself from future litigation and hoped to "confer with legal counsel prior to going into more detail about this employer." (*Id.* at 1-2.)

Because of the plaintiff's lack of counsel, the court stayed the case from July 20, 2009 through September 25, 2009. (Docket Nos. 40, 60.) In its July 20 order, the court gave Reitz until August 17, 2009 to secure counsel. The plaintiff did not meet this deadline, so on October 5, 2009, the court appointed counsel for the plaintiff. (Docket No. 72.) On November 5, 2009, the court ordered Reitz's new counsel to respond to the Motion for Sanctions and Motion to Compel. (Docket No. 77.)

The plaintiff's response to the motions attaches an updated resume and a number of emails evidencing the plaintiff's job search. (Docket No. 80, Exs. 1-2.) The resume lists two jobs subsequent to Reitz's employment with the City: the job at Veterans Legal, from November 2008 to December 2008, and a job as an account executive at the Lebanon Democrat, from September 2009 to the present. The entry for the Veterans Legal job states that Reitz "[a]micably left as a result of a disagreement with content over content [sic] of work." (Docket No. 80, Ex. 1 at 1.)

### ANALYSIS

The defendant has filed a Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a) and a Motion for Sanctions under Rule 37(d).

**I.  Rule 37 Standard**

Federal Rule of Civil Procedure 37 governs discovery disputes between parties.  Rule

4

37(a) allows a party to file a motion to compel if the opposing party "fails to answer an interrogatory" or gives an "evasive or incomplete" answer. Fed. R. Civ. P. 37(a)(3)(B)(iii), (a)(4). If the motion to compel is granted, or if the discovery is provided after the filing of the motion, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* R. 37(a)(5)(A). But the court need not award fees if the opposing party was "substantially justified" in withholding discovery, or if "circumstances make an award of expenses unjust." *Id.* R. 37(a)(5)(A)(ii)-(iii).

Rule 37(b) allows a party to move for sanctions if the court has issued a discovery order and the opposing party has failed to comply. "'Rule 37(b) usually has no application if there has not been a court order.'" *United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002) (quoting 8A Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2289 (2d ed. 1994)).

Finally, Rule 37(d) allows a party to move for sanctions without first moving to compel if the opposing party "fails to serve its [interrogatory] answers, objections, or written response." *Id.* R. 37(d)(1)(A)(ii). "[T]he majority view authorizes Rule 37(d) sanctions when a party's evasive or incomplete answers to proper interrogatories impede discovery." *Jackson v. Nissan Motor Corp.*, No. 88-6132, 1989 U.S. App. LEXIS 16348, at *14 (6th Cir. Oct. 30, 1989) (citation omitted). The decision to order sanctions is within the court's discretion; "the court is to impose sanctions only if they are just and has discretion about the sanction to be imposed." 8A Alan Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure § 2291

5

(3d ed.).

## II.     The Defendant's Motion to Compel

The defendant's initial motion seeks an order compelling the plaintiff to submit an interrogatory response detailing her work history from April 2008 forward. (Docket No. 28 at 2-4.)

Information about Reitz's recent employment is undoubtedly relevant to the amount of her damages. *See* 42 U.S.C. § 2000e-5(g)(1) ("Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."). The updated resume attached to the plaintiff's response contains all of the information requested in Interrogatory No. 6 – employer name and address, dates of employment, job title and duties, and compensation details for Reitz's two employers since April 2008. (*See* Docket No. 80, Ex. 1 at 1.) This would seem to make the Motion to Compel moot.

But the court is concerned with an apparently inconsistent statement in the updated resume: It states that Reitz left her job at Veterans Legal "amicably." (Docket No. 80, Ex. 1 at 1.) This is flatly contradicted by Reitz's sworn deposition testimony, which stated that the owner threatened to sue her (Docket No. 85 at 4-5), as well as her letter to this court detailing her many complaints about the business. (*See* Docket No. 41.) If an employee accuses an employer of fraud, attempts to report the employer to the government, and receives litigation threats from the employer, that employee's departure was not "amicable."

The court will thus grant the Motion to Compel and order the plaintiff to serve a

6

complete, sworn interrogatory response to Interrogatory No. 6. The plaintiff is directed to put the substance of her answer in the response itself, as opposed to referencing an attached resume. The court is also inclined to award the defendant its expenses for the Motion to Compel, including attorney's fees, as required by Rule 37(a)(5)(A).[3] The court will receive submissions from the plaintiff and the plaintiff's former counsel regarding (1) whether some reason exists why the court should not award expenses,[4] and (2) how the expenses should be apportioned between them.[5]

## III. The Defendant's Motion for Sanctions

---

[3] Although the initial Motion to Compel stated that the defendant was not seeking attorney's fees or sanctions (Docket No. 27 at 3), the court "*must* . . . [award] reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added); *see also Uszak v. Yellow Transp., Inc.*, No. 08-4026, 2009 U.S. App. LEXIS 18873, at *12 (6th Cir. Aug. 21, 2009); *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003).

Although the parties do not explicitly address the issue, this case does not appear to fall under any of the Rule's exceptions. Nothing indicates that Reitz's failure to fully answer the interrogatory was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). Nor would an award of expenses would be "unjust." *Id.* R. 37(a)(5)(A)(iii). On the contrary, Reitz and her former lawyer both knew that they were omitting information. In her July 17 letter, Reitz wrote: "[My former lawyer] was fully aware of [Veterans Legal] and advised me how to answer the interrogatories." (Docket No. 41 at 1.)

[4] This fulfills the requirement of Rule 37(a)(5)(A) that the parties against whom expenses are awarded be "giv[en] an opportunity to be heard." Fed. R. Civ. P. 37 advisory committee's notes on 1993 amendments, subdivision (a)(4).

[5] The court considers Reitz's attorney-client privilege to be waived as to the limited matters of (1) the former lawyer's knowledge of the job at Veterans Legal, and (2) his advice regarding the response to Interrogatory No. 6. "[A] client may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure. . . . The privilege may be implicitly waived by . . . raising issues regarding counsel's performance." *In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005) (citations omitted). In her July 17 letter, Reitz contended that she failed to properly answer the interrogatory because she was relying on the advice of counsel. (Docket No. 41 at 1.)

7

Less than one month after filing its Motion to Compel, the defendant filed a Motion for Sanctions. The defendant requests that the court conclusively establish the defendant's mitigation defense for any claim of back pay after October 1, 2008 and deny any award for front pay or reinstatement. (Docket No. 34 at 4.)

The defendant argues that the plaintiff willfully failed to respond to discovery, resulting in a months-long delay in answering Interrogatory No. 6 that prevented the defendant from fully developing a mitigation defense. (Docket No. 34 at 1; Docket No. 85 at 1, 6-7.) The defendant claims that in the plaintiff's November 14 response memorandum, "Reitz identifies an address of Veteran's Legal for the very first time, long after the discovery deadline has passed, dispositive motions have been submitted, and the trial date is imminent." (Docket No. 85 at 6.)

First, both of the defendant's motions were filed after the plaintiff's counsel had withdrawn, and on July 13 – two days before the defendant filed its Motion for Sanctions – the plaintiff filed a pro se letter asking for additional time to respond to the Motion to Compel. (Docket No. 33.) Second, the plaintiff's delay in filing a response brief was exacerbated by the two-month stay that the court entered on July 20. Third, and most important, Reitz actually listed an address and phone number for Veterans Legal in her July 17 letter to the court, a copy of which was served on defendant's counsel.[6] That letter effectively informed the defendant of the key information requested in Interrogatory No. 6. The defendant's reply brief fails to acknowledge the letter.

---

[6] In her letter, Reitz gave a Nashville address for Veterans Legal, whereas her new resume lists an address on Gallatin Pike, Madison, TN. At her deposition, Reitz testified that her former boss had talked about moving to a new office on Gallatin Pike. (Docket No. 85 at 3.)

8

In these circumstances, it would be unjust to sanction the plaintiff beyond the expenses already awarded under Rule 37(a)(5)(A).  Accordingly, the court will exercise its discretion to not award sanctions under Rule 37(d).

## **CONCLUSION**

For all of the above reasons, the court will grant the defendant's Motion to Compel and deny the defendant's Motion for Sanctions.

An appropriate order will enter.

---
ALETA A. TRAUGER
United States District Judge

9