IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| KATHRYN REITZ, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO: 3:08-cv-00728 |
| | ) | |
| v. | ) | HON. ALETA A. TRAUGER |
| | ) | |
| CITY OF MT. JULIET, | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL

Plaintiff Kathryn Reitz, by counsel, hereby submits this Memorandum of Law in support of her motion to compel.

**I.  Background**

Plaintiff worked as a clerk in the Defendant's storm water division. In April 2007, she filed an internal complaint of sexual harassment. Her complaint was investigated by Kristin Berexa, an attorney. Berexa conducted over 25 witness interviews and another attorney from her firm, Derrick Free, conducted 10 interviews. Docket No. 101, Court's Memorandum, p. 2-3. Berexa's report was produced to the plaintiff in discovery and relied upon by the defendant in its motion for summary judgment. Docket No. 68, Defendant's Memo, p. 14-15.

By letter dated December 3, 2009, plaintiff's counsel requested that the defendant produce documents identified as Nos. 3-26 and 27-51 on the defendant's privilege log. Exhibit 1. The documents in question are described as "Memo(s) to file" regarding interviews and follow up communication with witnesses during the investigation and were authored by either Berexa or Free. Exhibit 2, Defendant's Privilege Log.

1

Defense counsel declined to produce the documents stating that

> I must tell you that I remain of the opinion that the information identified on the privilege log is protected by the attorney-client privilege and/or the work product doctrine, and I do not see a waiver here.

Exhibit 3. Although defendant's counsel indicated that he wanted to further review the documents in light of the plaintiff's request, the trial is currently set in this matter in January 2010. For the documents to be of any use to the plaintiff, her counsel must have adequate time to review them. For this reason, plaintiff's counsel has filed this motion to compel.

**II.     Argument**

Voluntary disclosure of the content of a privileged communication constitutes a waiver of the privilege as to all other such communications on the same subject matter. In Re: Grand Jury Proceedings October 12, 1995, 78 F.3d 251, 255 (6th Cir. 1996). The prevailing view in this circuit and others is that once a client waives the privilege to one party, the privilege is waived en toto. See, e.g., Westinghouse Electric Corp. v. Republic of the Philippines, 951 F.2d 1414, 1424 (3rd Cir. 1991). In the Sixth Circuit, the same rule applies to work-product doctrine:

> These and other reasons "persuade us that the standard for waiving work-product doctrine should be no more stringent than the standard for waiving the attorney-client privilege" – once the privilege is waived, waiver to complete and final.
>
> This is especially true as to "fact" work product, since it may be obtained even absent waiver by a showing of substantial need and hardship.

In re: Columbia/HCA Healthcare Corporation Billing Practices Litigation, 293 F.3d 289, 307 and n. 30 (6th Cir. 2002).

Berexa's report is replete her impressions of witnesses and her analysis of the plaintiff's complaint. The documents sought by the plaintiff were generated in the course

2

of the investigation and form the basis for the report. These documents deal with the same subject matter as was addressed in the investigation report. Defendant voluntarily provided the investigation report to the plaintiff. Therefore, the defendant has waived whatever attorney/client or work product privileges attached to the report and its subject matter, and that waiver includes the memos to the file listed on the defendant's privilege log.

In addition, a client may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure." United States v. Dakota, 197 F.3d, 821 825 (6th Cir. 1997)(citing In re von Bulow, 828 F.2d 94, 104 (2d Cir. 1987)). As recounted by the Tennessee Court of Appeals, a litigant is not entitled to have it both ways:

> Courts have universally held that a party is prevented from invoking the work product doctrine immunity as both "sword and shield". In Wardleigh v. Second Judicial Dist. Ct., 111 Nev. 345, 891 P.2d 1180 (Nev. 1995), the Supreme Court of Nevada held that the doctrine of waiver was intended as a shield, not a sword. "Where a party seeks an advantage in litigation by revealing part of a privileged communication, the party shall be deemed to have waived the entire attorney-client privilege as it relates to the subject matter of that which was partially disclosed. (Citing United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982)); accord In re Sealed Case, 219 U.S. App. D.C. 195, 676 F.2d 793, 818 (D.C. Cir. 1982); S.T. Assistance Corp. v. Maryland Nat. Bank, 112 Md. App. 20, 684 A.2d 32 (MD. App. 1995). Also see, e.g., In re Kidder Peabody Sec. Litig., 168 F.R.D. 459, 473 (S.D.N.Y. 1996); Hartz Mountain Indus. Inc. v. Commissioner, 93 T.C. 521, 527 (U.S. Tax Ct. 1989). Disclosure need not be made to the party's adversary in litigation to constitute waiver. It can be made extra-judicially, as in disclosure to the public of part of the confidential material. See Bassett v. Newton, 658 So. 2d 398 (Ala. 1995).

Arnold v. City of Chattanooga, 19 S.W.3d 779, 787 (Tenn. Ct. App. 1999)(emphasis added and footnotes omitted). Defendant relied upon the investigation and Berexa's report in its motion for summary judgment, and in so doing, surrendered its attorney/client and work product privilege as pertains to the supporting documentation

3

for the investigation. The defendant is not entitled to rely on the report on the one hand and deny the plaintiff access to documents that address the same subject matter.

The documents are relevant and discoverable under F.R.Civ.P. 26. Plaintiff's retaliation claim is currently set for trial in January 2010. Plaintiff contends that after she complained about sexual harassment, Gaskin retaliated against her. Plaintiff's primary theory is that while she had some issues with tardiness and work performance prior to her complaint, it was only after she complained that Gaskin began to take actions to ensure that she was late and that her work performance suffered.

Plaintiff's complaint, the defendant's investigation, and information about the plaintiff's work performance prior to her complaint are all central to the issue to be determined at trial, i.e., was plaintiff treated differently after she complained? The investigation report addresses these issues, and the underlying documents could reveal additional information on these same matters. The documents sought by the plaintiff could contain statements by other employees regarding the work environment, other incidents of retaliation, or statements by Gaskin that could indicate a predisposition to retaliate against plaintiff. The memos generated by Berexa and Free could contain information about Reitz's work issues prior to her complaint. Such information is within the scope of F.R.E. 401 and within the scope of F.R.Civ.P. 26. <u>Layne v. Huish Detergents, Inc.</u>, 2002 U.S. App. Lexis 14015 at *9-11 (6th Cir., July 10, 2002)(unpublished disposition, copy attached hereto). In <u>Layne</u>, the plaintiff's sexual harassment claim was dismissed on summary judgment, and she proceeded to trial on the retaliation claim alone. The plaintiff contended that before she complained about sexual harassment, her job issues were tolerated, but after she complained, they were used to fire

4

her. The court held that evidence of her prior sexual harassment complaint was relevant and admissible. Id. Like the plaintiff in Layne, the treatment of Reitz and perceptions of her work performance prior to her complaint are probative and relevant to her claim of retaliation. As Berexa addressed the issue of Reitz's work performance in her report, it is reasonable to conclude that she covered that subject in her interviews. Because all privilege has been waived as to these documents and they are relevant and discoverable, the plaintiff's motion to compel should be granted.

The City argues that because of its unique position as a public entity the law with respect to waiver should not be applied to it. However, every form of entity has advantages and disadvantages from various standpoints such as tax, immunity etc. Being a public entity, the City enjoys certain advantages. Just as it can take advantage of its benefits, it cannot avoid the consequences of any disadvantages.

Moreover, in this case, it is not unfair to compel production of the documents sought because the defendant City has strategically used the investigative report is to its advantage and has relied on the report in pursuing its motion for summary judgment, portions of which were granted by this Court. The City having used the report as a sword should not be allowed to shield the documents from which it was prepared.

The defendant City also argues that the mental impressions of the investigator contained in the interview memorandum should continue to be shielded from disclosure. However, the investigative report also contains some of these mental impressions. Plaintiff is not interested in the investigator's mental impressions of the witnesses so long as defendant agrees that it will not attempt to introduce, through the investigator, the

5

Case 3:08-cv-00728    Document 105    Filed 12/23/09    Page 5 of 7 PageID #: 711

investigator's mental impressions of the witness. Plaintiff has no objection to defendant's redaction of any mental impressions from the interview memorandum.

## III. Conclusion

Defendant voluntarily disclosed the investigative report and relied upon it in its motion for summary judgment. Defendant is not entitled to use the privilege as both a sword and a shield. Because defendant voluntarily disclosed the report and relied upon it in its motion for summary judgment, the privileges have been waived as to the subject matter of that report, i.e., the investigation conducted as a result of the plaintiff's complaint. Under the law of this circuit, a waiver of privilege applies to all documents addressing the same subject matter. The documents sought by this motion address the same subject matter as does the report.

The investigative report makes reference to the fact that certain witnesses had complained to the investigator about various incidents of retaliation directed at the witness including "cold shoulder" and "stare downs" etc. as a result of their cooperation in the investigation. Such retaliation may also have impacted the findings of the investigator's report to the extent it impacted adversely upon cooperation.

For all of the foregoing reasons, the plaintiff's motion is well taken and should be granted.

Respectfully submitted,

/s/ Richard J. Braun
Richard J. Braun, Esq.     No. 010346
BRAUN & ASSOCIATES, PLLC
501 Union Street
Suite 500
Nashville, TN   37219
Tel:     (615) 259-1550

/s/ Joseph A. Davidow
Joseph A. Davidow         No. 027176
501 Union Street
Suite 502
Nashville, TN   37219
Tel:     (615) 256-3605

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent via the Electronic Filing System to the following on this the 23rd day of December, 2009.

Daniel H. Rader, III, Esq.
Richard L. Moore, Esq.
MOORE, RADER, CLIFT & FITZPATRICK, P.C.
P.O. Box 3347
Cookeville, TN   38502

/s/ Richard J. Braun
Richard J. Braun, Esq.