IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KATHRYN REITZ and BOBBIE MCDONALD, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:08-cv-0728<br>) Judge Trauger |
| CITY OF MT. JULIET, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND ORDER

On November 20, 2009, the court granted defendant City of Mt. Juliet's motion to compel, awarding the costs and fees incurred in filing the motion. (Docket No. 87.) The defendant has since submitted an accounting of its costs. (Docket No. 91.) Plaintiff Kathryn Reitz and her former attorney, James L. Harris, have filed documents regarding how those costs should be apportioned. (Docket Nos. 88, 97, 100.)

In its motion to compel, the defendant sought a complete response to an interrogatory regarding Reitz's work history. Reitz initially answered the interrogatory by attaching a resume that failed to mention her employment at a firm called Veterans Legal.[1] In response to the motion to compel, Reitz filed an updated resume that included the Veterans Legal job. Notably, Reitz's updated resume stated that she left the job "amicably [as] a result of a disagreement . . .

---

[1] Harris was Reitz's attorney when she responded to the interrogatory. Several days before the defendant filed its motion to compel, Harris filed a motion to withdraw as Reitz's attorney, which the court granted. (Docket Nos. 26, 32.)

over content of work." (Docket No. 80, Ex. 1.) This characterization contrasts with a letter Reitz filed with the court on July 20, 2009, which claimed that: (1) her boss at Veterans Legal had pressured her to commit fraud by forging signatures on various documents; (2) she had attempted to report this to the government; (3) Veterans Legal had threatened to sue her; and (4) one of her co-workers "[shot] up heroin in the work bathrooms."[2] (Docket No. 41 at 1.)

Reitz claims that Harris knew that she had omitted the Veterans Legal job from her resume. (Docket No. 100 ¶¶ 2-3.) In her previous letter to the court, Reitz went further, claiming that Harris "advised [her] how to answer the interrogatories." (Docket No. 41 at 1.) Harris claims that he never advised Reitz to omit the information. (Docket No. 88, Ex. 1 ¶ 9.) He does not deny, however, that he knew that the plaintiff had omitted relevant information from her resume.

In sum, Reitz purposely omitted the Veterans Legal job from her interrogatory response, and Harris at least knew of the omission. The court finds that Reitz and Harris are both at fault for the incomplete response, and it will divide the costs equally between them.

The defendant's costs consist entirely of its attorney's fees. The defendant's accounting states that defense counsel spent 2.85 hours working on the motion to compel, which, at an hourly rate of $164.00, totals $467.40. (Docket No. 92.) This was the amount actually charged to the defendant. (*Id.*) The court finds that this amount is reasonable for the work performed.

---

[2] The plaintiff claims that the use of the word "amicabl[e]" in the updated resume "was not used to distract, delay or confuse the Defendant." (Docket No. 100 ¶ 5.) Instead, she claims that she used the word "solely to mean lacking antagonism and animosity because [Ms.] Reitz could have continued to work there." (*Id.*) This is unpersuasive. In her previous letter to the court, Reitz stated that she "was told not to come back" by Veterans Legal if she refused to forge the signatures of veterans, lawyers, and doctors. (Docket No. 41 at 1.)

Accordingly, Harris and Reitz are each ordered to pay $233.70 to the defendant.

    It is so Ordered.

    Entered this 28th day of December 2009.

                                                      ALETA A. TRAUGER
                                                      United States District Judge